UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 2:18-cr-190-SPC-NPM

TONY WILSON, JR.

## OPINION AND ORDER

Before the Court are Defendant Tony Wilson, Jr.'s Motion for Reduction of Sentence (Docs. 745; 746) and letters to support his release (Doc. 754), along with the Government's opposition (Doc. 753).  For the below reasons, the Court denies the motion.

Three years ago, the Court sentenced Defendant to life imprisonment for leading a drug distribution conspiracy involving fentanyl, crack cocaine, and heroin, as well as having firearms.  (Doc. 650).  The Eleventh Circuit later affirmed the guidelines-range sentence.  (Doc. 722).

Defendant now seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A).  He argues his "extreme sentence" was disproportionately increased by the drug quantities attributed to him and the "discredited" crack cocaine multiplier.  (Doc. 746 at 24).  He also stresses that he pleaded guilty to avoid a life sentence (yet still received one), spending his life in prison harms his wife and children, and he has been bettering himself through religion and vocational programs while in prison.

A district court "may not modify a term of imprisonment once it has been imposed," except in some cases defined by statute. 18 U.S.C. § 3582(c). One case is compassionate release under § 3582(c)(1)(A). A defendant seeking compassionate release must prove that a sentence reduction is needed. *See United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021). Still, "the court's decision [on compassionate release] is a discretionary one." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

A court may grant compassionate release if (1) "an extraordinary and compelling reason exists," (2) "a sentencing reduction would be consistent with U.S.S.G. § 1B1.13," and (3) the "§ 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "If any one of the necessary findings cannot be made, then compassionate release is not permissible." *Id.* at 1348 (citation omitted).

In moving for compassionate release, Defendant focuses on the extraordinary and compelling reasons under § 3582(c)(1)(A) and § 1B1.13(b)(5). His arguments challenge settled Eleventh Circuit case law and are based on expected amendments to the Sentencing Guidelines.[1] But the arguments are

---

[1] Section § 1B1.13, cmt. 1 defines "extraordinary and compelling reasons as a (A) terminal illness or a serious medical condition, (B) old age, (C) certain family circumstances or (D) other reasons." The Eleventh Circuit has held that § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions. *See United States v. Bryant*, 996 F.3d 1243, 1247, 1249 (11th Cir. 2021) ("[A] district court cannot grant a motion for reduction if it would be inconsistent with the Commission's policy statement defining 'extraordinary and compelling reasons.'"); *see also United States v. Beckford*, No. 22-10638, 2022 WL 4372552, at *3 (11th

shortsighted. Defendant neglects the § 3553(a) factors and fails to argue why they favor his early release. So the Court denies his motion for that reason. *See United States v. Tinker*, 14 F.4th 1234, 1238 (11th Cir. 2021) ("Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction."). Even if the Court overlooked the missing argument and accepted Defendant's other points on extraordinary and compelling reasons (which it does not), it still finds the § 3553(a) factors weigh against any sentence reduction and finds Defendant to be a danger to the community.

The applicable § 3353(a) factors include the (a) nature and circumstances of the offense; (b) defendant's history and characteristics; (c) need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from the defendant's further crimes; (d) any pertinent policy statement; and (e) the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct. 18 U.S.C. § 3553(a). Each factor supports Defendant's originally imposed sentence—here's why.

---

Cir. Sept. 22, 2022) ("[W]e cannot conclude that *Concepcion* abrogates this Court's prior holding in *Bryant*.").

Defendant led and supplied a long-running, sophisticated, and successful drug trafficking enterprise that overwhelmed a local neighborhood. He masterminded the well-oiled operation all the while being a husband and father to three young children. The operation ran around the clock and evaded law enforcement for years.

Defendant's enterprise was cleverly built. He enlisted multiple individuals—often homeless drug addicts—to distribute drugs through trap houses. Dealers counted on a steady stream of customers because of the organization's reputation for high-quality heroin and crack cocaine. And customers felt safe knowing the dealers were not undercover police.

The trap house system also made it hard to prosecute the dealers, which led to the conspiracy's long-term stability and profitability. Because nobody lived at the trap houses, the dealers had little connection to the houses other than their presence. And without drugs being found on their person (drugs were typically stashed all over the houses), it was hard to connect the dealers to the drugs. Also, Defendant had runners deliver bulk drugs to the trap houses and returned cash to him. The runners limited the chances of contact with law enforcement.

So Defendant's drug organization wildly succeeded. Conservatively speaking, it distributed at least 32 grams of crack cocaine and 20 grams of heroin/fentanyl each day. Daily profits hovered around $15,000. And

Defendant flaunted his wealth with gold-and-diamond-encrusted teeth, a $90,000 necklace, a gold-and-diamond watch, diamond earrings, and a room of high-end sneakers. With such monetary success, Defendant's organization was also tied to firearms and violence for protection. For example, a search of Defendant's home resulted in two pistols in the master bedroom, a rifle in a second bedroom, and a third pistol in a baby crib.

But it is not just the nature of Defendant's offense that unsettles the Court. After Defendant pleaded guilty but before his sentencing, he continued his criminal ways. He participated in a jailhouse assault to intimidate and punish Christopher Connor, a co-conspirator turned potential witness willing to testify against him (e.g., Connor could provide dates of involvement for both through personal knowledge, his aggravating or mitigating roles within the organization, and testimony about the amounts of drugs being distributed by the organization). In the jail, Defendant and Jeffrey Beard cornered Connor. Defendant stood guard while Beard attacked Connor. The beating led to Defendant receiving a sentencing enhancement for obstruction of justice and losing any reduction for him accepting responsibility for his offenses.

Equally troubling is that Defendant has led a life of crime. His criminal history was a V based on points, and a VI based on his career offender status. (Doc. 593 at 29). He has been given many chances to reform, but he used his intelligence and charisma to lead a drug conspiracy—while married with

5

children—that preyed on many, including those suffering from drug addictions and homelessness. Because the Court has no confidence that Defendant will abide by the law if released, there is a continued need to protect the public from him.

At bottom, the Court finds Defendant remains a danger to the community and the § 3553(a) factors weigh against release. He led no less than eighteen others in dealing fentanyl, heroin, and crack for years and profited handsomely from his scheme. Permitting any sentence reduction when Defendant caused so much harm would contradict justice, deterrence, or respect for the law. And it would not reflect the seriousness of the offense or protect the public from future crimes if Defendant was released. The Court thus denies Defendant's motion.

Accordingly, it is

**ORDERED:**

Defendant Tony Wilson, Jr.'s Motion for Reduction of Sentence (Docs. 745; 746) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on August 22, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record